```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JEFFREY DICKS, pro se,                       :
                Plaintiff,                   :
                                             :           SUMMARY ORDER
        -against-                            :           06-CV-6623 (DLI)
                                             :
EUROPEAN AMERICAN BANK, MALEN                :
& ASSOCIATES, MUNICIPAL CREDIT               :
UNION, GREENPOINT SAVINGS BANK,              :
A.K.A. NORTH FORK BANK, BRUCE                :
SMILOWITZ, OWNER OF WORLD                    :
TRAVELLER SERVICES, FREDRIC                  :
JOHNSON, CITY MARSHAL'S OFFICE               :
OF QUEENS  COUNTY, OFFICE OF                 :
PAYROLL ADMINISTRATION, CITY                 :
OF NEW YORK,                                 :
                Defendants.                  :
-------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Jeffery Dicks ("Plaintiff") brought suit against the above-captioned defendants alleging a deprivation of his due process rights caused by the enforcement of a state court judgment that later was vacated due to deficiencies in the service of the summons. On December 29, 2006, this court dismissed Plaintiff's case in its entirety for lack of subject matter jurisdiction. On January 24, 2007, Plaintiff moved for reconsideration of the court's dismissal.

As an initial matter, Plaintiff's motion us untimely. Local Rule 6.3 requires motions for reconsideration to be made within ten (10) days of the order being entered. Plaintiff's motion was made outside of ten (10) days. Even if Plaintiff's motion had been timely, the standard for granting a motion to reconsider under either Rule 60(b) or Local Civil Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York is a strict one. Reconsideration generally will be denied unless the moving party can point to either controlling

decisions or factual matters that the court overlooked, and which, had they been considered, might have reasonably altered the result before the court. *See Shrader v. CSX Transportation, Inc.,* 70 F.3d 255, 257 (2d Cir. 1995). Applying these standards to the instant motion, it is clear that Plaintiff has failed to establish a ground for reconsideration.

Plaintiff's motion for reconsideration raises a series of allegations not made in the complaint and, critically, does not point to any facts or law that the court overlooked that would have altered the court's decision. Rather, Plaintiff's motion rehashes his allegations that the vacated state court judgment was procured by fraud and the defendants' attempts to execute the judgment constituted a violation of his due process rights. The court, however, has evaluated these claims and found them frivolous because there is no evidence that the defendants continued to garnish Plaintiff's pay and execute against his assets once the judgment was vacated. Rather, at the time of the garnishment and execution, defendants were acting pursuant to a properly secured judgment. Plaintiff has pled no facts that would require dispensing with the state agency defendants' qualified immunity. *See Lennon v. Miller,* 66 F.3d 416, 420 (2d Cir. 1995). 28 U.S.C. § 1331 does not require the court to take jurisdiction over frivolous claims. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 89 (1998).

In support of his contention that this court has diversity jurisdiction, Plaintiff points out that one of the defendant's "headquarters and legal department" are located outside of New York. However, 28 U.S.C. § 1332 requires complete diversity. Therefore, the Plaintiff must be diverse from every defendant, not just one. *See Strawbridge v. Curtiss,* 7 U.S. 267 (1806).

There are no grounds for the court to reconsider its dismissal and Plaintiff's motion for reconsideration is denied.

SO ORDERED.

DATED: Brooklyn, New York
September 18, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge